**FINERTY v. KIRKENDALL et al.**

No. 8806—Opinion Filed Jan. 27, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Verdict—Sufficiency of Evidence.**

While it is the settled rule of this court that a verdict or judgment based upon conflicting testimony will not be disturbed where there is evidence reasonably tending to support the same, yet in a case where there is no competent testimony tending to support a verdict or judgment it will be reversed.

**2.   Mortgages—Foreclosure—Defenses—Sufficiency of Evidence.**

Record examined, and held, that the evidence does not reasonably tend to support the judgment of the trial court; and the judgment is reversed, and the cause remanded, with directions.

Error from District Court, Craig County; Geo. C. Crump, Assigned Judge.

Action by F. C. Finerty against Eunice C. Kirkendall and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Loyal J. Miller, for plaintiff in error.

Wm. P. Thompson, for defendants in error.

JOHNSON, J. This action was originally brought in the district court of Craig county, Oklahoma, on January 13, 1914, by F. C. Finerty for debt and to foreclose a real estate mortgage upon the tract of land in said county described in the mortgage. Soon thereafter the plaintiff died, and the cause was revived in the court below in the name of May C. Finerty, as administratrix of the estate of F. C. Finerty, deceased, and on May 29, 1916, R. E. Finerty was substituted as plaintiff by order of the court below, and the cause proceeded to trial in his name as plaintiff against the original defendants, as defendants, and one H. A. Davis, who had theretofore been made a party defendant by the trial court upon its own motion and who had filed an answer and cross-petition.

The plaintiff's first cause of action was based upon a promissory note and the mortgage given to secure the same upon the tract of land before mentioned, the mortgage bearing the date of the note, which was September 3, 1912, said note being for the sum of $304.75, payable in ten annual installments, the first of which was for $34.75, the remaining nine for $30 each, for an abstract fee of $4.55, and for an attorney fee of $100, which amount was stipulated for in the note and mortgage.

The plaintiff's second cause of action was for the sum of $16.77, being the amount alleged to have been paid by the plaintiff as the balance upon a certain coupon for $81.10, which the original defendants had failed to pay, the same being past due and unpaid according to the terms of a prior coupon bond note for $1,000, secured by a prior mortgage of even date therewith, both of which had been executed by the original defendants, the mortgage covering the same land hereinbefore referred to. The petition of the plaintiff was in the usual form.

The original defendants, Eunice C. and Flord Kirkendall, filed an amended answer, to which the plaintiff filed a reply. The answer and cross-petition of the defendant Mrs. H. A. Davis alleged that she was the owner of the prior note and mortgage for $1,000, and became such in due course, praying that if the plaintiff's mortgage be foreclosed upon the premises, the same should be ordered sold subject to her mortgage. The cause proceeded to trial to the court without the intervention of a jury on May 29, 1916, and at the conclusion thereof the court rendered a judgment cancelling the plaintiff's note and mortgage and decreeing that the defendants Eunice C. and Flord Kirkendall should recover a judgment against the plaintiff, R. E. Finerty, for the sum of $200 and costs with interest thereon from date at the rate of 6 per cent. per annum, but the journal entry of judgment made no mention of the defendant Mrs. H. A. Davis and her cause of action. The plaintiff filed a timely motion for a new trial, which was overruled by the trial court, and in due time proceedings in error were commenced in this court to reverse such judgment, making assignments of error as follows:

(1) Court erred in overruling the plaintiff's motion for a new trial.

(2) Court erred in overruling demurrer of plaintiff to the evidence of the defendants.

(3) Erred in rendering judgment in favor of the defendants against the plaintiff because the same was contrary to law and contrary to the evidence.

(4) Court erred in admitting evidence on the part of the defendants.

(5) Erred in refusing and ruling out competent evidence offered on the part of plaintiff.

(6) Judgment was contrary to law.

(7) The judgment was contrary to the evidence.

(8) Judgment not reasonably supported by the evidence, but contrary to the undisputed evidence.

(9) Court erred in not holding for and rendering judgment for the plaintiff for the amount sued for, and in rendering judgment against plaintiff and for the defendants.

We have carefully examined the entire record, and from the conclusion we have reached from such examination it will not be necessary to consider the plaintiff's assignments of error, except the first, second, and third thereof, which will be considered together.

We are in doubt as to whether or not the defendants' amended answer stated a defense to the plaintiff's causes of action, but without deciding that question we have elected to consider the cause upon its merits. As before stated, plaintiff's petition was in the

usual form and its sufficiency was in no way challenged.

The trial court held that the burden of proof was on the defendants, each of whom was called as a witness and testified in his own behalf, and while their testimony was neither clear nor explicit concerning the transactions had with the plaintiff, yet it was, in effect, that they negotiated two loans from the plaintiff, to secure which the mortgages pleaded by the plaintiff were given upon the land therein described; that the first loan was for $500, out of the proceeds of which certain indebtedness, taxes, and abstract fees upon the land were paid, and that they received therefrom $204; that the second loan, for $1,000, took up the loan for $500, and that at the time of the execution of the note for $1,000 and the mortgage to secure the same, they gave the note and mortgage of $304.75 sued upon by the plaintiff. The defendant Flord Kirkendall, on examination by his attorney, admitted that the defendants received $714 from the proceeds of the loans. A letter from the agent of the plaintiff at Vinita, Okla., Geo. W. Clark, Jr., which was introduced in connection with the defendants' testimony, containing a statement of the disbursement of the $500 loan, showed that there was paid out of the said loan, U. S. certificate from Muskogee, $1.60; Holmes Bros., release of mortgage, $112; taxes, $21.71; abstract and recording in full, $17.10; and the balance of $346.59 was paid the defendants by check. The same defendant testified that he applied to Mr. Clark, the plaintiff's agent, for a new loan of $1,000, that he then had a loan upon the land for $500. The defendant's testimony was to the effect that, as to the proceeds of the second loan, the first loan of $500 was paid off and that they received $214 in cash in addition thereto.

The testimony of the plaintiff was clear and explicit, consisting of the notes and mortgages sued on and correspondence between the parties and depositions of F. P. Finerty, who handled the transactions in the office of the plaintiff, all of which was uncontradicted and offered and admitted without objection and established clearly the following state of facts:

The first loan of $500, which was disbursed as hereinbefore stated, provided for interest at 6 per cent. per annum payable in ten annual installments. At that time a note for $200, secured by a second mortgage, was given, payable annually, and evidenced by ten annual installments of $20 each, providing for interest after maturity at the rate of 10 per cent. Sometime thereafter, the defendants applied for a loan of $1,000, which loan was made by the original plaintiff, and the note of $1,000 was executed by the defendants, which drew interest at the rate of 7 per cent. per annum payable annually, running for a period of ten years from date, with a first mortgage upon the land, and the note sued upon was executed together with the second mortgage upon the premises. Out of the proceeds of this $1,000 loan the first loan of $500 was paid off and released and some expenses in the way of recording, cost of abstract, and payment of taxes were paid, and the balance, the sum of $201.39, was paid the defendants in cash. Both of these transactions were clearly and fully gone into by the evidence of the plaintiff, and the same contained no taint of usury. However, usury was not pleaded as a defense in the case. It was clearly shown and not disputed that default had been made, and that the terms of the mortgage had been broken, and the correspondence between the parties disclosed that the defendants had frequently asked for an extension of time, had made no complaint of any kind or character, but repeatedly promised to pay the interest in default. There was no allegation in the answer of the defendants that they complied with the terms of the notes and mortgage, either by part payment or full payment, neither was there any allegation of forgery, duress, menace, or coercion in the execution of the notes and mortgages; in fact, the defendants admitted the execution of the notes and mortgages and alleged in their answer "that they were, for a void and fraudulent consideration, and a false statement as to the indebtedness of the defendant to the plaintiff."

There was an utter absence of testimony to show any void or fraudulent consideration or for any false statement as to the indebtedness of the defendants to the plaintiff.

We have searched the entire record diligently, and are clearly of the opinion that the judgment of the trial court is not sustained by the evidence upon any theory or defense, either legal or equitable.

The judgment is, therefore, reversed, and the cause remanded, with directions that further proceedings be had in accordance with the views herein expressed.

OWEN, C. J., and KANE, RAINEY, McNEILL, PITCHFORD, and BAILEY, JJ., concur.